FILED
2026 Oct-13 PM 12:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

**FBC MORTGAGE LLC,**
Plaintiff,

**v.**

**CANDACE BLAIR JONES, *et al.*,**
Defendants.

**Case No. 1:25-cv-921-CLM**

## MEMORANDUM OPINION

For the reasons explained within, the court will **DISMISS** this case for lack of subject matter jurisdiction.

Candace Blair Jones defaulted on her loan payments to FBC Mortgage LLC (FBC), so FBC sued Jones in this federal court to foreclose on her property. (Doc. 1). FBC also named the U.S., through the Secretary of Housing and Urban Development, as a defendant because the U.S. holds a junior mortgage on the property at issue. (*Id.* at 2).

Because foreclosure is a state-law issue, the court ordered FBC to explain the basis for federal jurisdiction. (Doc. 18). FBC replied that 28 U.S.C. § 2410 creates a federal cause of action against the U.S. in foreclosure actions where the U.S. has an interest in the property at issue. (Doc. 23 at 1). FBC says that anytime the U.S. has an interest in a property that is subject to foreclosure, a plaintiff must sue the U.S. under Section 2410, which then gives federal district courts original jurisdiction over the case. (*See* Doc. 23 (relying on *Show Me State Premium Homes, LLC v. McDonnell, et al.*, 74 F.4th 911 (8th Cir. 2023); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 317 n.4 (2005) ("Federal law does provide a quiet title cause of action against the Federal Government. 28 U.S.C. § 2410."))).

But Section 2410(a)'s text says nothing about a cause of action:

> Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—
>
> (1) to quiet title to,
>
> (2) to foreclose a mortgage or other lien upon,
>
> (3) to partition,
>
> (4) to condemn, or
>
> (5) of interpleader or in the nature of interpleader with respect to,
>
> real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a). As you can see, § 2410(a) says that if there is a foreclosure action, the plaintiff *may* add the U.S. as a party if the U.S. claims a mortgage or other lien on the property. It doesn't *require* the U.S. to be named as a party in such actions, nor does it create a federal cause of action. Section 2410(a) merely waives the U.S.'s sovereign immunity, allowing the U.S. to be subject to suit in such cases. *See, e.g., Renasant Bank v. Hobbs, et al.*, 2026 WL 2256307 (S.D. Ga. Aug. 5, 2026); *Servis One, Inc. v. Brown*, 2026 WL 852010, at *2-3 (M.D. Ga. Mar. 27, 2026).

Congress's passage of 28 U.S.C. § 1444 further shows that Congress didn't create federal question jurisdiction when enacting Section 2410. Generally, for a defendant to remove an action to federal court, the district court must have original jurisdiction over the action. 28 U.S.C. § 1441(a). But Congress sometimes grants defendants the ability to remove actions that don't fall within a district court's original jurisdiction. Section 1444 is one such instance. Section 1444 provides that:

> Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending.

28 U.S.C. § 1444. Section 1444 makes two things clear. First, Congress assumed actions under Section 2410 would be brought in state court. Second, there is no original federal jurisdiction over these state-law actions, which is why Congress enacted a separate statute granting the U.S. the ability to remove these actions.

FBC's interpretation of Section 2410 would render Section 1444 superfluous. If Section 2410 created a federal cause of action when the U.S. is named as a party, then Congress wouldn't have needed to create a statute allowing the U.S. to remove these actions; the U.S. would already be able to remove these actions under 1441(a) because of the federal district court's original jurisdiction. Congress's passage of a separate statute enabling the United States to remove actions brought under Section 2410 confirms that Section 2410 doesn't create a federal cause of action.

This is a case involving a state-law foreclosure action, not an action arising under federal law. *See* 28 U.S.C. § 1331. Because Section 2410 doesn't create original federal jurisdiction, and because no other statute confers federal jurisdiction for this type of claim, the court does not have original jurisdiction over the case.

—

For these reasons, the court will **DISMISS** the case for lack of subject matter jurisdiction and deems all pending motions **MOOT**. The court will enter a separate order dismissing the case.

The court **DIRECTS** the Clerk of Court to send a copy of this order to Defendant Candace Jones at the address listed in the complaint.

**DONE** and **ORDERED** on October 13, 2026.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE